■ Mio Fredland, Respondent, v Lawson F. Bernstein, Appellant.—Order, Supreme Court, New York County (Walter M. Schackman, J.), entered on or about December 21, 1988, which, *inter alia,* directed that defendant's share of the proceeds from the sale of the parties' Connecticut residence, which were being held in escrow, be paid to the Internal Revenue Service and the New York State Department of Taxation and Finance for taxes due and owing on joint tax returns filed by the parties for the years 1977, 1978 and 1979, unanimously modified, on the law and on the facts, to provide that the issue of tax liability is not resolved by said payment, which has been made, and that the issue of the parties' tax liability remains open, subject to whatever avenues of relief the parties may seek, and, except as thus modified, affirmed, without costs or disbursements.

The motion court's ruling that "[i]t appears to be uncontested * * * that defendant is solely responsible for taxation arrears for 1977, 1978 and 1979", upon which premise the order appealed from is based, was, as is readily apparent, based on a misunderstanding of Justice Bowman's finding in his 1987 decision, after trial, in the earlier divorce proceeding. The motion court also found, in what it mistakenly believed was the issue before it, that defendant was responsible for tax arrears for 1980 and 1981. In fact, there have never been any tax arrears for those two years. In the earlier divorce proceeding, defendant was never found responsible, except with respect to 1982 tax liens in the approximate sum of $150,000, for tax liabilities incurred in the course of the marriage as a result of the filing of joint income tax returns. The only tax liabilities considered at that trial were the 1982 tax liens and they are totally unrelated to the 1977, 1978 and 1979 assessments, all of which arose after the trial and were not even calculated at the time of the instant postjudgment motion. Thus, it was error to direct that defendant's share of the proceeds from the court-ordered sale of the parties' country

home in Canaan, Connecticut, be released from escrow and paid directly to the Internal Revenue Service and the New York State Department of Taxation and Finance. Since the payments have already been made, we modify to make clear that the issue of responsibility for any tax liability, other than for 1982, is an open matter and subject to resolution by whatever remedies the parties may choose to pursue. Concur —Murphy, P. J., Sullivan, Ross and Smith, JJ.